UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA ASHANTI, | No. 2: 14-cv-1644 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BARACK OBAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 6.) Pending before the court is plaintiff's motion for reconsideration of the October 15, 2014 order denying plaintiff's application to proceed in forma pauperis. For the following reasons, plaintiff's motion for reconsideration is denied.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the

1

1  decisions on legal issues made in a case "should be followed unless there is substantially different
2  evidence . . . new controlling authority, or the prior decision was clearly erroneous and would
3  result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981);
4  see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064
5  (1986).

6       Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or
7  amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the
8  unsuccessful party to "rehash" arguments previously presented, or to present "contentions which
9  might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp.
10  1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);
11  Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings
12  "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial
13  efficiency."  Costello, 765 F.Supp. at 1009.

14  Discussion

15       In the October 15, 2014 order, the undersigned found that plaintiff had, on at least three
16  prior occasions, brought actions while incarcerated that were dismissed as frivolous, malicious or
17  for failure to state a claim.  (ECF No. 14 at 2.)  Accordingly, the undersigned denied plaintiff's
18  application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  The undersigned
19  further found that plaintiff did not meet the imminent danger exception to 28 U.S.C. § 1915(g).
20  Plaintiff moves for reconsideration of this part of the October 15, 2014 order.

21       On July 11, 2014, plaintiff opened this action by filing a pleading that was not on a
22  complaint or a habeas corpus form.  (ECF No. 1.)  The gravamen of this pleading appeared to be
23  plaintiff's claim that he was falsely accused by prison officials of possessing drugs.  (Id. at 5.)  On
24  July 24, 2014, the undersigned issued an order advising plaintiff that in order to commence an
25  action, he must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure.
26  (ECF No. 3.)

27       In the complaint filed October 1, 2014, plaintiff again alleged that he was falsely accused
28  by prison officials of possessing drugs.  (ECF No. 13.)

A prisoner with three "strikes" pursuant to 28 U.S.C. § 1915(g) may proceed in forma pauperis if the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the October 15, 2014 order, the undersigned found that plaintiff did not qualify for the imminent injury exception because he did not allege in either his July 11, 2014 pleading or the October 1, 2014 complaint that he was under imminent danger of serious physical injury. (ECF No. 14 at 2.) Accordingly, the undersigned denied plaintiff's application to proceed in forma pauperis and directed him to pay the filing fee within thirty days. (Id.)

In the motion for reconsideration, plaintiff argues that he qualifies under the imminent injury exception. Plaintiff again alleges that he has been falsely accused by prison officials of drug possession. Plaintiff argues that he is subject to harm because he must check his wheel chair and walker on a daily basis to make sure that no drugs have been planted. (ECF No. 16 at 4.) Plaintiff also alleges that he told his friends and family not to send him mail out of fear that drugs will be planted in their letters to plaintiff. (Id.)

Plaintiff's request for reconsideration does not demonstrate that he is under the imminent danger of serious physical injury. The circumstances alleged by plaintiff do not demonstrate that he has met the physical injury exception to 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 16) is denied; and

2. Plaintiff is granted thirty days from the date of this order to pay the filing fee; failure to pay the filing fee will result in the dismissal of this action.

Dated: November 24, 2014

Ash1644.req

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3