1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ASKIA ASHANTI,                              No.  2:  14-cv-1644 KJN P

12              Plaintiff,

13       v.                                      ORDER

14   BARACK OBAMA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action.  Plaintiff

18   has paid the filing fee.[1]  Plaintiff has consented to the jurisdiction of the undersigned.  (ECF No.

19   10.)

20        On December 18, 2014, plaintiff filed a motion for leave to file a second amended

21   complaint (ECF No. 22) and a proposed second amended complaint (ECF No. 21.)  Good cause

22   appearing, plaintiff's motion to amend is granted.

23        Although plaintiff has paid the filing fee, the court may screen the second amended

24   complaint.  See 28 U.S.C. § 1915(e)(2)(notwithstanding any filing fee, the court shall dismiss the

25   complaint at any time if it determines that the action is frivolous or malicious, fails to state a

26

27   [1]  On October 15, 2014, the undersigned denied plaintiff's application to proceed in forma
     pauperis on grounds that he had three prior "strikes" pursuant to 28 U.S.C. § 1915(g).  (ECF No.
28   14.)

1   claim upon which relief may be granted or seeks monetary relief against a defendant who is

2   immune from such relief).   For the following reasons, plaintiff's second amended complaint is

3   dismissed with leave to file a third amended complaint. [2]

4         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

11  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

12  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

13  1227.

14        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

15  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

18  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

19  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

20  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

21  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

23  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

24  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

25  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

26  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

27

28  [2]  The court has not screened any of plaintiff's previously filed complaints.

2

1    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

2        Named as defendants are the California Health Care Facility ("CHCF"), Vanessa

3    Martinez, John Heilbrun, H. Liu, L. Young and C. Barroga.

4        Plaintiff alleges that on May 2, 2014, plaintiff's brother sent him a letter.  (ECF No. 21 at

5    11.)  On May 7, 2014, defendant Martinez, employed in the prison mailroom, found a small

6    plastic baggie containing white powder residue in the envelope sent to plaintiff by his brother.

7    (Id.)  Defendant Martinez then contacted defendant Heilbrun, who worked for the Investigative

8    Service Unit Staff.  (Id.)

9        On May 8, 2014, staff working for defendant CHCF forwarded the white powder to the

10   Department of Justice, where it was later determined that the powder was methamphetamine.

11   (Id.)

12       On June 30, 2014, defendant Heilbrun charged plaintiff with a prison disciplinary for

13   introducing a controlled substance into the prison.  (Id.)  Defendant Heilbrun also conducted an

14   investigation of the charges, which included interviewing plaintiff. (Id.)

15       Plaintiff filed prison grievances alleging that the disciplinary charges were false and that

16   the methamphetamine had been illegally planted.  (Id. at 13.)

17       In August-September 2014, the disciplinary charges against plaintiff were dismissed.  (Id.)

18   In addition, the San Joaquin County District Attorney's Office declined to press charges against

19   plaintiff.  (Id.)

20       Plaintiff alleges three claims for relief.  First, plaintiff alleges that defendants violated his

21   Eighth Amendment rights by falsely charging him with introducing a controlled substance into a

22   prison.  (Id. at 14.)  Second, plaintiff alleges that by filing false disciplinary charges, defendants

23   committed acts of slander, libel and defamation of character.  (Id. at 17.)  Third, plaintiff alleges

24   that defendants violated his rights to due process and equal protection by failing to properly

25   process his prison grievances challenging the false disciplinary charges.  (Id. at 21.)

26       The Eleventh Amendment prohibits federal jurisdiction over suits against the state or a

27   state agency unless the state or agency consents to the suit.  See Seminole Tribe of Florida v.

28   Florida, 517 U.S. 44, 53 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89,

1    100 (1984); <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).  Defendant CHCF is a state agency and

2    has not consented to suit.  Accordingly, plaintiff's claims against defendant CHCF are barred by

3    the Eleventh Amendment.

4            The Eighth Amendment's prohibition against cruel and unusual punishment protects

5    prisoners not only from inhumane methods of punishment but also from inhumane conditions of

6    confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted).

7    "[A] prison official may be held liable under the Eighth Amendment for denying humane

8    conditions of confinement only if he knows that inmates face a substantial risk of serious harm

9    and disregards that risk by failing to take reasonable measures to abate it."  <u>Farmer v. Brennan</u>,

10   511 U.S. 825, 847 (1994).

11           Plaintiff's claim that defendants planted false evidence and filed false disciplinary charges

12   does not state an Eighth Amendment claim.  Plaintiff does not allege that he was denied humane

13   conditions of confinement as a result of the allegedly false charges.  In fact, plaintiff alleges that

14   the disciplinary charges were dismissed and he did not face criminal prosecution.  Accordingly,

15   plaintiff's Eighth Amendment claim is dismissed.[3]

16            Plaintiff's claims alleging violations of libel, slander and defamation do not state

17   constitutional claims.  <u>Paul v. Davis</u>, 424 U.S. 693, 699-701 (1976) (defamation not actionable

18   under section 1983); <u>Hernandez v. Johnson</u>, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and

19   slander claims precluded by <u>Paul</u>).

20           Plaintiff's claims alleging violations of his right to due process and equal protection in

21   connection with the processing of his administrative grievances do not state potentially colorable

22   claims.  See <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no

23   constitutional right to a specific prison grievance procedure).

24           For the reasons discussed above, the undersigned finds that plaintiff has not stated any

25   potentially colorable claims alleging violations of his constitutional rights.  Plaintiff may also be

26   claiming violations of state law in connection with his claims for libel, slander and defamation.

27

28   _____

     [3]  It is unclear who plaintiff is alleging planted the false evidence.

1    Because plaintiff alleges no colorable constitutional claim, the undersigned does not address the

2    merits of plaintiff's state law claims.  If plaintiff does not file a file a third amended complaint,

3    the undersigned will decline to exercise supplemental jurisdiction over these state law claims, and

4    order dismissal of this action.  See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise

5    supplemental jurisdiction over state law claims when it "has dismissed all claims over which it

6    has original jurisdiction.")

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

9    Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

10   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

11   some affirmative link or connection between a defendant's actions and the claimed deprivation.

12   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

13   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

14   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

16   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This requirement exists

18   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

19   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21   original complaint, each claim and the involvement of each defendant must be sufficiently

22   alleged.

23        Finally, on November 20, 2014, plaintiff filed a motion for a temporary restraining order.

24   (ECF No. 18.)  In this motion, plaintiff alleges that CHCF law library staff have limited his access

25   to copy services as a result of a state court case finding him to be a vexatious litigant.  Attached as

26   an exhibit to this motion is a counseling chrono dated October 21, 2014, prepared by Library

27   Technical Assistant Koubong.  (Id. at 16.)  The chrono recommends that all future copy requests

28   ////

1    by plaintiff be accompanied by the most recent court order and each copy job be under 50 pages.

2    (Id.)

3          The undersigned observes that since filing the original complaint in this action, plaintiff

4    has filed several pleadings.  On October 1, 2014, plaintiff filed his first amended complaint.

5    (ECF No. 13.)  On October 16, 2014, plaintiff filed a request for an investigation.  (ECF No. 15.)

6    On October 27, 2014, plaintiff filed a request for reconsideration.  (ECF No. 16.)  On November

7    16, 2014, plaintiff filed a supplement and appendix of exhibits.  (ECF No. 17.)  On November 25,

8    2014, plaintiff filed a request for court order.  (ECF No. 20).  On December 18, 2014, plaintiff

9    filed the pending motion to amend, second amended complaint and exhibits.  (ECF Nos. 21, 22,

10   23.)

11         Plaintiff's alleged restricted access to copy services does not appear to have affected his

12   ability to prosecute the instant action.  For that reason, plaintiff's motion for injunctive relief

13   requesting that the court direct prison officials to lift the copy restrictions is denied.   However, if

14   plaintiff can demonstrate that he cannot prosecute this action due to the copy restrictions, he may

15   re-file his motion.

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's motion to amend (ECF No. 22) is granted;

18         3.  Plaintiff's second amended complaint (ECF No. 21) is dismissed.

19         3.  Within thirty days from the date of this order, plaintiff shall complete the attached

20   Notice of Amendment and submit the following documents to the court:

21              a.  The completed Notice of Amendment; and

22              b.  An original and one copy of the Third Amended Complaint.

23   Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

24   the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The third amended

25   complaint must also bear the docket number assigned to this case and must be labeled "Third

26   Amended Complaint."  Failure to file a third amended complaint in accordance with this order

27   may result in the dismissal of this action.

28   ////

1        4.  Plaintiff's motion for injunctive relief (ECF No. 18) is denied.

2   Dated:  January 20, 2015

3

4                                         KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
5

6
    Ash1644.scr
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ASKIA ASHANTI,                              No.  2:  14-cv-1644 KJN P

12             Plaintiff,

13        v.                                     NOTICE OF AMENDMENT

14   BARACK OBAMA, et al,

15             Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19        _____               Third Amended Complaint
     DATED:
20

21                                      _____

22                                      Plaintiff

23

24

25

26

27

28