UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA ASHANTI, | No. 2:14-cv-1644 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BARACK OBAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 10.)

Pending before the court is plaintiff's motion for reconsideration of portions of the April 29, 2015 order screening plaintiff's third amended complaint and denying plaintiff's motion to change the case caption. (ECF No. 34.) For the following reasons, this motion is granted in part and denied in part.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or

1

circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Discussion

Plaintiff requests that the court reconsider the April 29, 2014 order denying his request to change the case caption to reflect the operative defendants.  The undersigned denied this request on the grounds that while defendant Obama, named in the caption, is no longer a defendant, for administrative purposes, the court does not generally change case captions.  Plaintiff has not shown good cause to reconsider this order.  Accordingly, plaintiff's request for the court to reconsider its order denying his request to change the case caption is denied.

Plaintiff next requests that the court reconsider portions of the April 29, 2015 screening order addressing the claims raised in the third amended complaint.  In this order, the undersigned found that the third amended complaint raised the following claims:  1) retaliation; 2) violation of Miranda v. Arizona, 384 U.S. 436 (1966); 3) violation of the Eighth Amendment; and 4) slander, defamation and libel in violation of plaintiff's federal constitutional rights. (ECF No. 34.)  The undersigned ordered service of plaintiff's retaliation claim. (Id.)  The undersigned dismissed the remaining three claims for failing to state potentially colorable claims for relief. (Id.)

Plaintiff alleges that the court failed to address his supplemental state law claims alleging slander, defamation and libel.  In the April 29, 2015 order, the undersigned construed the third amended complaint to raise federal constitutional claims for slander, defamation and libel. (ECF No. 34 at 7.)  As discussed above, the undersigned dismissed these claims for failing to state potentially colorable claims for relief. (Id.)

The undersigned has reviewed the section of plaintiff's third amended complaint containing his claims for slander, defamation and libel.  Plaintiff alleges violation of his civil

1 rights based on slander, defamation and libel.  (ECF No. 29 at 23.)  However, plaintiff cites both
2 state and federal law in support of these claims.  (Id. at 24-25.)  Accordingly, the undersigned
3 finds that plaintiff's third amended complaint alleges both state and federal claims based on
4 slander, defamation and libel.  Good cause appearing, the undersigned finds that plaintiff's state
5 law claims for slander, defamation and libel state potentially colorable claims for review.
6 Defendants will be directed to respond to these claims.

7       In the motion for reconsideration, plaintiff also argues that the undersigned failed to
8 address his federal conspiracy claims raised in the third amended complaint.  After reviewing the
9 third amended complaint, it appears that plaintiff is alleging that defendants conspired to retaliate
10 against him.  Good cause appearing, the undersigned finds that plaintiff has pled a potentially
11 colorable claim for conspiracy to retaliate.  Defendants will be ordered to respond to this claim.

12       In the motion for reconsideration, plaintiff also seeks reconsideration of the portion of the
13 April 29, 2014 order dismissing his claim alleging that defendants violated his rights by failing to
14 give him a warning pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).   Plaintiff has not
15 shown good cause to reconsider this portion of the April 29, 2014 order.

16       In the motion for reconsideration, plaintiff also argues that the April 29, 2014 order failed
17 to address his claims against "doe" defendants raised in the third amended complaint.  The
18 undersigned will address these claims once the "doe" defendants are identified.  Accordingly,
19 plaintiff's request for the court to review his claims against the "doe" defendants is denied.

20       Finally, in the motion for reconsideration plaintiff seeks injunctive relief in the form of an
21 order barring defendant Martinez from accessing his mail.  This request is unrelated to the motion
22 for reconsideration.  A motion for injunctive relief must be raised in a separate motion.  See Fed.
23 R. Civ. P. 7.

24       Accordingly, IT IS HEREBY ORDERED that:
25       1. Plaintiff's motion for reconsideration (ECF No. 38) is granted in part and denied in
26 part;
27 ////
28 ////

3

2.  Plaintiff's request that the April 29, 2015 screening order be amended to find that plaintiff has stated potentially colorable claims for conspiracy to retaliate and defamation, slander and libel in violation of state law is granted; defendants are ordered to respond to these claims when they file pleadings addressing the merits of plaintiff's claims; plaintiff's motion for reconsideration is denied in all other respects.

Dated:  August 6, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ash1644.rec