1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ASKIA ASHANTI,                          No.  2:  14-cv-1644 KJN P

12              Plaintiff,

13       v.                                    ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    BARACK OBAMA, et al.,

15              Defendants.

16

17    Introduction

18         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19    to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss pursuant to

20    Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff failed to exhaust

21    administrative remedies.  (ECF No. 41.)  For the following reasons, the undersigned recommends

22    that defendants' motion be granted in part and denied in part.

23         At the outset, the undersigned observes that failure to exhaust is an affirmative defense,

24    and the defendant bears the burden of proof.  Jones v. Bock, 549 U.S. 199, 216 (2007).  The

25    proper vehicle for raising the defense is not a motion to dismiss unless failure to exhaust is plain

26    on the face of the complaint.  Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2013).

27    Defendants bring their pending motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on

28    the grounds that plaintiff's failure to exhaust administrative remedies is plain from the face of the

1

1   complaint.

2   <u>Legal Standard for Motion to Dismiss</u>

3   Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

4   "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

5   considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

6   must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89

7   (2007), and construe the pleading in the light most favorable to the plaintiff.  <u>Jenkins v.</u>

8   <u>McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir.

9   1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

10  than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

11  cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, a claim

14  upon which the court can grant relief must have facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.

15  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

16  draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556

17  U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes

18  of a motion to dismiss for failure to state a claim.  <u>Hal Roach Studios v. Richard Reiner & Co.</u>,

19  896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

20  A motion to dismiss for failure to state a claim should not be granted unless it appears

21  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

22  entitle him to relief.  <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984).  In general, pro se

23  pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>,

24  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  <u>Bretz</u>

25  <u>v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

26  interpretation of a pro se complaint may not supply essential elements of the claim that were not

27  pled.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

28  ////

2

1   Legal Standard re:  Exhaustion of Administrative Remedies

2        The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be

3   brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a

4   prisoner confined in any jail, prison, or other correctional facility until such administrative

5   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion

6   requirement applies to all inmate suits about prison life, whether they involve general

7   circumstances or particular episodes, and whether they allege excessive force or some other

8   wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

9        Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731,

10  741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

11  critical procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  The Supreme Court has

12  also cautioned against reading futility or other exceptions into the statutory exhaustion

13  requirement.  See Booth, 532 U.S. at 741 n.6.  Moreover, because proper exhaustion is necessary,

14  a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise

15  procedurally defective administrative grievance or appeal.  See Woodford, 548 U.S. at 90-93.

16  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative

17  review process in accordance with the applicable procedural rules,' [] - rules that are defined not

18  by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218

19  (2007) (quoting Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027

20  (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper

21  exhaustion.'") (quoting Jones, 549 U.S. at 218).

22       In California, prisoners may appeal "any policy, decision, action, condition, or omission

23  by the department or its staff that the inmate or parolee can demonstrate as having a material

24  adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

25  On January 28, 2011, California prison regulations governing inmate grievances were revised.

26  Cal. Code Regs. tit. 15, § 3084.7.  Now inmates in California proceed through three levels of

27  appeal to exhaust the appeal process:  (1) formal written appeal on a CDC 602 inmate appeal

28  form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the

1   Director of the California Department of Corrections and Rehabilitation ("CDCR").  Cal. Code

2   Regs. tit. 15, § 3084.7.  Under specific circumstances, the first level review may be bypassed.  Id.

3   The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a

4   prisoner's administrative remedies.  See id. § 3084.7(d)(3).  Since 2008, medical appeals have

5   been processed at the third level by the Office of Third Level Appeals for the California

6   Correctional Health Care Services.  A California prisoner is required to submit an inmate appeal

7   at the appropriate level and proceed to the highest level of review available to him.  Butler v.

8   Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.

9   2002).  Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff

10   members involved and shall describe their involvement in the issue."  Cal. Code Regs. tit. 15,

11   § 3084.2(3).  Further, the inmate must "state all facts known and available to him/her regarding

12   the issue being appealed at the time," and he or she must "describe the specific issue under appeal

13   and the relief requested."  Cal. Code Regs. tit. 15, §§ 3084.2(a)(4).  An inmate now has thirty

14   calendar days to submit his or her appeal from the occurrence of the event or decision being

15   appealed, or "upon first having knowledge of the action or decision being appealed."  Cal. Code

16   Regs. tit. 15, § 3084.8(b).

17         Failure to exhaust is "an affirmative defense the defendant must plead and prove."  Bock,

18   549 U.S. at 204, 216.  In Albino, the Ninth Circuit agreed with the underlying panel's decision[1]

19   "that the burdens outlined in Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),

20   should provide the template for the burdens here."  Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir.

21   2014) (en banc).  A defendant need only show "that there was an available administrative remedy,

22   and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  Once the

23   defense meets its burden, the burden shifts to the plaintiff to show that the administrative

24   remedies were unavailable.  See Albino, 697 F.3d at 1030-31.

25   ////

26   _____

[1]   See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).  The three judge panel noted that "[a]
27   defendant's burden of establishing an inmate's failure to exhaust is very low."  Id. at 1031.
     Relevant evidence includes statutes, regulations, and other official directives that explain the
28   scope of the administrative review process.  Id. at 1032.

1          A prisoner may be excused from complying with the PLRA's exhaustion requirement if

2    he establishes that the existing administrative remedies were effectively unavailable to him.  See

3    Albino, 747 F.3d at 1172-73.  When an inmate's administrative grievance is improperly rejected

4    on procedural grounds, exhaustion may be excused as effectively unavailable.  Sapp v. Kimbrell,

5    623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir.

6    2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable");

7    Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown

8    v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where

9    appeal granted at second level and no further relief was available).

10          Where a prison system's grievance procedures do not specify the requisite level of detail

11   for inmate appeals, Sapp, 623 F.3d at 824, a grievance satisfies the administrative exhaustion

12   requirement if it "alerts the prison to the nature of the wrong for which redress is sought."  Griffin

13   v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology

14   or legal theories unless they are in some way needed to provide notice of the harm being grieved.

15   A grievance also need not contain every fact necessary to prove each element of an eventual legal

16   claim.  The primary purpose of a grievance is to alert the prison to a problem and facilitate its

17   resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120.

18   Plaintiff's Claims

19          This action is proceeding on the third amended complaint as to defendants Heilbrun,

20   Martinez and Barroga.  (ECF No. 29.)

21          All relevant events occurred at the California Health Care Facility ("CHCF").  Plaintiff

22   alleges that on May 7, 2014, defendant Martinez, who worked in the mailroom, opened an

23   envelope addressed to plaintiff from his brother.  (Id. at 11.)  Defendant Martinez allegedly

24   discovered a small plastic baggie containing a white powdery substance.  (Id.)  Defendant

25   Martinez contacted defendant Heilbrun.  (Id.)

26          On May 13, 2014, the California Department of Justice mailed defendant Heilbrun a

27   report identifying the white powdery substance as methamphetamine.  (Id.)  On June 30, 2014,

28   defendant Heilbrun charged plaintiff with a prison disciplinary for introduction of a controlled

substance into a prison.  (Id.)  On July 2, 2014, defendant Heilbrun and Correctional Officer

Curtis interviewed plaintiff regarding the substance found in the envelope.  (Id.)  Plaintiff denied

his involvement in any criminal wrongdoing.  (Id. at 12.)  Plaintiff alleges that he told defendant

Heilbrun and Correctional Officer Curtis that the drugs had been planted by prison staff.  (Id.)

On July 3, 2014, defendants Heilbrun and Barroga executed a crime report, based on the

methamphetamine found in the letter addressed to plaintiff, which they forwarded to the San

Joaquin County District Attorney's Office for prosecution.  (Id. at 29.)

In August or September 2014, the prison disciplinary charges were dismissed.  (Id. at 13.)

In August 2014, the San Joaquin County District Attorney's Office declined to prosecute plaintiff.

(Id.)

Plaintiff alleges that defendants planted the methamphetamine and falsely charged him

with a prison disciplinary and sent the crime report to the San Joaquin County District Attorney's

Office in retaliation for his legal activities.  (Id. at 15.)  Plaintiff alleges that while housed at

CHCF, he has had approximately 100 or more outgoing and incoming pieces of legal mail.  (Id. at

16.)  In addition, plaintiff has filed numerous administrative grievances.  (Id. at 17.)

Plaintiff's Claims Regarding Exhaustion of Administrative Remedies

In the third amended complaint, plaintiff alleges that on July 4, 2014, he filed an

administrative grievance, i.e., 602, regarding the alleged retaliation.  (ECF No. 28 at 8.)  Plaintiff

alleges that he received no response to this grievance.  (Id. at 28-29.)   Therefore, plaintiff argues

that the failure of prison officials to respond to his grievance excuses administrative exhaustion.

A copy of this grievance is attached to the packet of exhibits filed by plaintiff in support

of the third amended complaint.  This grievance states, in relevant part,

> On 7/2/2014 (ISU) C/O Curtis informed prisoner that he is being
> interviewed/investigated along with his brother (Felix Cunningham)
> for drug smuggling & trafficking due to (CHCF) Mailroom alleged
> claim they received a May/2014 envelope containing a letter, photo,
> and  drug  contraband-baggie  containing  residue-powder  later
> identified as methamphetamine.  Per conversation with C/O Curtis,
> I am requesting a copy of the Incident-Report, Lab-Reports, Photos
> showed to me by (ISU) Mr. Curtis...
>
> ***

> This Grievant/Patient insured (ISU) Curtis that there is a (CHCF) Mailroom mistake/error or grievant is being intentionally targeted along with (family) due to grievants vexatious & litigious grievance & civil/criminal court litigations with the false alleged claim that drug-contraband was found in a May/2014 letter sent to grievant...

(ECF No. 30-1 at 17. 19.)

As relief, in the grievance plaintiff requested, in part, a "non-contact order of the mailroom staff-personnel(s) from handling general or legal mail of this grievant and with request for other staff to process regular/legal mail..." (Id. at 19.)

Motion to Dismiss

Defendants state that the improper screening of an administrative grievance, as alleged by plaintiff, may excuse administrative exhaustion.  Defendants contend that to fall within this exception, the inmate must establish that he actually filed a grievance that would have sufficed to exhaust his claims had he pursued it through the administrative remedy process.  Sapp, 623 F.3d at 823-24.  The inmate must also establish that prison officials screened out his claims for improper reasons.  (Id.)

Defendants argue that the grievance plaintiff cites above could not have exhausted his claims under CDCR regulations.  Defendants argue that CDCR regulations require inmates to name all staff members involved in the incident being appealed and describe their involvement. Cal. Code Regs. tit. 15, § 3084.2(a)(3).  Defendants argue that plaintiff's grievance names Correctional Officer Curtis but does not identify any defendant or any acts defendants allegedly took.  Defendants argue that plaintiff's grievance vaguely describes allegations that he is being intentionally targeted due to filing "vexatious" grievances and court actions.  Because plaintiff failed to name any defendant in this grievance, defendants argue that the exception to the PLRA's exhaustion requirement based on prison officials' failure to process a grievance does not apply.

In his opposition, plaintiff argues that he did not name all of the defendants in his grievance because, at the time he filed the grievance, he did not know their names or their involvement in the alleged deprivations.  (ECF No. 42 at 11.)  Plaintiff states that when he filed

////

////

7

1   the grievance on July 4, 2014, he was not aware that defendants Heilbrun and Barroga had filed

2   the disciplinary report and the crime report.[2]  (Id. at 13.)

3        For the following reasons, with respect to defendant Martinez, the undersigned finds that

4   at this pleading stage, plaintiff's grievance satisfied the requirement of the regulations discussed

5   above and herein.  Previously, the California Code of Regulations required only that an inmate

6   "describe the problem and action requested."  Cal. Code Regs. tit. 15, § 3084.2(a) (2007).  Thus,

7   prior to 2011, prisoners were not required in an administrative grievance to "identify responsible

8   parties or otherwise to signal who ultimately may be sued."  Sapp, 623 F.3d at 824; Wilkerson v.

9   Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) ("As in a notice-pleading system, the grievant need

10  not lay out the facts, articulate legal theories, or demand particular relief.  All the grievance need

11  do is object intelligibly to some asserted shortcoming."), quoting Strong v. David, 297 F.3d 646,

12  650 (7th Cir. 2002).  Although the United States Supreme Court has stated that providing notice

13  of the individuals who might later be sued is not one of the leading purposes of the exhaustion

14  requirement, Jones, 549 U.S. at 219, California nonetheless amended its regulations to now

15  require prisoners to identify responsible staff in their complaints.

16       District courts appear to take different views of the new regulations.  Compare Blacher v.

17  Johnson, 2014 WL 790910, at *4 (E.D. Cal. Feb. 26, 2014) (dismissing action for failure to

18  exhaust because defendant was not named in the appeal), with Treglia v. Kernan, 2013 WL

19  4427253, at *4 (N.D. Cal. Aug.15, 2013) (concluding plaintiff was not required to name all

20  defendants in an appeal subject to the current regulations).  In light of this conflicting case law,

21  the absence of controlling authority on point, and the tangential relationship between this

22  requirement and the purposes of exhaustion, arguably there is some question regarding the

23  viability of California's name-all-defendants requirement.

24       Section 3084.2(a)(3) states that if the inmate does not have the requested identifying

25  information about the staff member, he shall provide any other available information that would

26

27  _____

    [2]  After reviewing the exhibits attached to plaintiff's third amended complaint and opposition, the
    undersigned cannot determine when plaintiff received notice of the disciplinary charges and
28  crime report.

8

1    assist the appeals coordinator in making a reasonable attempt to identify the staff member in

2    question.  In the instant case, while plaintiff did not name any defendant in his grievance, his

3    statement that a mailroom mistake occurred or else he was being intentionally targeted for being a

4    vexatious litigant arguably put prison officials on notice that plaintiff was claiming that someone

5    in the mailroom had tampered with his mail.  Plaintiff's request for a non-contact order with

6    mailroom staff supports this inference.  While plaintiff may not have known defendant Martinez's

7    name, the grievance gave prison officials sufficient information for them to identify her as having

8    been involved, as she was the person who allegedly found the methamphetamine.

9         With respect to defendants Barroga and Heilbrun, plaintiff's grievance contained no

10    information from which prison officials could have reasonably inferred that these defendants

11    were involved in the alleged retaliation.  The grievance indicated that mailroom staff initiated the

12    retaliation.  Defendants Barroga and Heilbrun did not work in the mailroom.  In addition,

13    plaintiff's generic retaliation claim alleged in the grievance did not mention either defendant

14    Barroga or Heilbrun as having been previously named by plaintiff in an administrative grievance

15    or civil action.

16         While plaintiff claims that at the time he filed the grievance he did not know that

17    defendants Barroga and Heilbrun had filed the disciplinary charges and crime report,[3] he could

18    have filed a separate grievance once he discovered their identities and alleged involvement.  For

19    these reasons, the undersigned finds that plaintiff failed to exhaust his administrative remedies as

20    to defendants Barroga and Heilbrun.

21         In the reply, defendants argue that plaintiff has not established that the grievance

22    discussed above was improperly rejected.  Defendants argue that plaintiff has not pled any facts

23    showing that prison officials failed to process this grievance.  Plaintiff is claiming that he

24    received no response to the grievance discussed above after it was submitted.  The undersigned

25    agrees with defendants that this claim is conclusory.  However, defendants' argument that

26

_____

27    [3]  However, plaintiff alleges that defendant Heilbrun charged plaintiff with a prison disciplinary
      on June 30, 2014, and thereafter interviewed plaintiff on July 2, 2014, all of which occurred
28    before plaintiff filed his 602.  (ECF No. 29, at 11).

1    plaintiff has not adequately demonstrated that prison officials failed to respond to this grievance

2    should be raised in a summary judgment motion rather than a motion to dismiss pursuant to

3    Federal Rule of Civil Procedure 12(b)(6).

4          Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign

5    a district judge to this action; and

6          IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 41) be

7    granted as to defendants Barroga and Heilbrun, and denied as to defendant Martinez.

8          These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Such a document should be captioned

12   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13   objections shall be filed and served within fourteen days after service of the objections.  The

14   parties are advised that failure to file objections within the specified time may waive the right to

15   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  August 13, 2015

17

18                                                    KENDALL J. NEWMAN
19                                                    UNITED STATES MAGISTRATE JUDGE

20

21   Ash1644.mtd

22

23

24

25

26

27

28
                                    10