UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA ASHANTI, | No. 2:14-cv-1644 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| BARACK OBAMA, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel.  (ECF No. 48.)  Plaintiff alleges that defendants have failed to respond to his discovery requests.  For the following reasons, plaintiff's motion to compel is denied.

     On September 8, 2015, defendants filed an opposition to plaintiff's motion to compel.  (ECF No. 52.)  Defendants argue that plaintiff's motion to compel is premature because no discovery and scheduling order has been issued.

     While parties to a prisoner action are exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26, they are free to agree to conduct discovery prior to the issuance of a discovery order.  However, it is the usual practice of this court to refrain from compelling compliance with discovery requests before all defendants have answered, and the court has issued an initial scheduling order that establishes the parameters and deadlines for

1

discovery. See Stephen v. Kelso, 2012 WL 371604, at *6 (E.D. Cal. 2012); Suknaich v. Yates, 2011 WL 5102710, *1 (E.D. Cal. 2011) (denying as premature plaintiff's motion for discovery, pursuant to the court's policy, set forth in its "First Informational Order" issued in each prisoner case, that "[n]o discovery may be conducted without court permission until an answer is filed and the court issues the discovery order" (internal quotation marks omitted)).

A "Discovery and Scheduling Order" has not been issued in the present case, due to the pendency of defendants' motion to dismiss for failure to exhaust administrative remedies. On August 13, 2015, the undersigned recommended that defendants' motion to dismiss for failure to exhaust administrative remedies be granted in part and denied in part. (ECF No. 46.) These findings and recommendations are now pending in the district court.

Because defendants' motion to dismiss has not been resolved, and no discovery and scheduling order has been issued, defendants are not required to respond to plaintiff's pending discovery requests. Accordingly, plaintiff's motion to compel is denied as premature. However, following the issuance of the discovery and scheduling order, plaintiff is free to propound discovery requests.

Finally, on September 15, 2015, plaintiff filed a motion requesting that the court set a settlement conference. If defendants wish to participate in a settlement conference, they may notify plaintiff and the court. Otherwise, the undersigned finds that a settlement conference is not warranted at this stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 48) is denied;

2. Plaintiff's motion for a settlement conference (ECF No. 53) is denied.

Dated:  October 1, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ash1644.com