UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA ASHANTI,<br><br>            Plaintiff,<br><br>     v.<br><br>BARACK OBAMA, et al.,<br><br>            Defendants. | No. 2:14-cv-1644 JAM KJN P<br><br><br>ORDER |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel. (ECF No. 82.) On June 8, 2016, plaintiff filed a motion for an extension of time to file a reply to defendant's opposition to his motion to compel. (ECF No. 85.) On June 13, 2016, plaintiff filed a reply. (ECF No. 86.) Good cause appearing, plaintiff's motion for extension of time is granted and the reply is deemed timely filed.

Discussion

　　　　Defendant first objects to the motion to compel on the grounds that plaintiff failed to meet and confer prior to filing the motion, as required by Federal Rule of Civil Procedure 37. In a declaration attached to the opposition, defense counsel states that at the conclusion of plaintiff's March 15, 2016 deposition, plaintiff stated that he wished to meet and confer regarding

1

defendant's discovery responses. (ECF No. 84-1 at 2.) Defense counsel asked plaintiff if he could tell him which specific responses he had concerns about, and plaintiff responded that he could not at that moment. (Id.) Defense counsel told plaintiff that he could send him a letter with any concerns he had about defendant's discovery responses to satisfy the meet and confer requirement. (Id.) Defense counsel represents that he received no correspondence from plaintiff regarding any deficiencies in defendant's previously served discovery responses. (Id.)

In his reply, plaintiff argues that he was not required to send defense counsel a letter identifying any deficiencies in the discovery responses because virtually all responses were evasive and non-responsive. Plaintiff is incorrect. Plaintiff is informed that even if he disagreed with defendant's responses to all of his requests, he was still required to attempt to resolve his discovery disputes prior to filing a motion to compel. In any event, for the reasons discussed herein, plaintiff's motion to compel is not well supported.

In the motion to compel, plaintiff generally argues that defendant did not adequately respond to all of the interrogatories, requests for production of documents and requests for admissions. However, plaintiff does not discuss any specific responses and why they were not adequate.

Plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendant's responses are disputed, (3) why he believes defendant's responses are deficient, (4) why defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

The undersigned agrees with defendant that plaintiff has not met his burden here. In this motion, plaintiff seeks further responses to 25 interrogatories, 40 requests for production of documents and 77 requests for admissions without addressing any of the objections asserted by defendant.

2

By way of example, the undersigned reproduces plaintiff's interrogatory no. 5 and defendant's responses:

> Interrogatory no. 5: During plaintiff second commitment within the CDCR/State Prison system from 1995-2015, have plaintiff ever failed a random/drug controlled substance test imposed by the prison system?
>
> Response to Interrogatory No. 5: Defendant objects to this interrogatory on grounds that it is overly broad, it is irrelevant to the claims or defenses of any party, and it assumes facts which have not been admitted. Without waiving these objections, defendant is unable to respond to this interrogatory because, outside of the incident at issue in this lawsuit, she lacks personal knowledge of plaintiff's disciplinary history between 1995 and 2015.

(ECF No. 82 at 13.)

The grounds of plaintiff's objection to defendant's response to interrogatory no. 5 are unclear. Defendant's response that she cannot respond to this interrogatory because she lacks personal knowledge appears reasonable to the undersigned.

It is not the court's duty to review defendant's responses to plaintiff's discovery requests on plaintiff's behalf. Accordingly, plaintiff's motion to compel is denied because plaintiff failed to address why defendant's objections were not justified and why defendant's responses were deficient.

On May 6, 2016, defendant filed a motion for summary judgment. (ECF No. 80.) On May 17, 2016, the undersigned ordered that plaintiff would not be required to file an opposition to the summary judgment motion until resolution of his motion to compel. Because the motion to compel is resolved, the undersigned herein orders plaintiff to file his opposition to the summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 85) is granted;

2. Plaintiff's motion to compel (ECF No. 82) is denied; and

////

////

////

      3.  Plaintiff's opposition to defendant's summary judgment motion is due within thirty days of the date of this order; defendant may file a reply within fourteen days thereafter.

Dated:  June 23, 2016

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ash1644.com